**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| **OPTIS WIRELESS TECHNOLOGY, LLC and PANOPTIS PATENT MANAGEMENT, LLC,** | § § § § | |
| **Plaintiffs,** | § § | **Civil Action No. 2:15-cv-300** |
| **v.** | § § § | **PATENT CASE** |
| **ZTE CORPORATION and ZTE (USA) INC.** | § § § | **JURY TRIAL DEMANDED** |
| **Defendants.** | § | |

**AGREED PROTECTIVE ORDER**

Plaintiffs Optis Wireless Technology, LLC and PanOptis Patent Management, LLC ("Plaintiffs") and Defendants ZTE Corporation and ZTE (USA) Inc. ("Defendants") (collectively, the "Parties") anticipate that documents, testimony, or information containing or reflecting confidential, proprietary, trade secret, and/or commercially sensitive information will be disclosed or produced during the course of discovery and disclosures in the above-captioned case (collectively, the "Action").  In order to facilitate disclosure and production and to protect the relative interests of the Parties, the Parties stipulate to and request that, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, this Court enter this Agreed Protective Order ("Protective Order"), setting forth the conditions for obtaining, treating, and using such disclosures and productions.

1. **PURPOSES AND LIMITATIONS**

(a)     Under the terms of this Protective Order, Protected Material received by a Receiving Party shall be used for purposes of the prosecution and defense of this Action, shall not be used for any business purpose or other purpose whatsoever, and shall not be used or shown, disseminated, copied, or otherwise disclosed to anyone not entitled to such Protected

Material as herein provided.  All produced Protected Material shall be carefully maintained so as to preclude access by persons who are not entitled to receive such Protected Material.

(b)      The Parties acknowledge that this Protective Order does not confer blanket protections on all disclosures during discovery, or in the course of making initial or supplemental disclosures under Rule 26(a), and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. Designations under this Protective Order shall be made with care and shall not be made absent a good faith belief that the designated material satisfies the criteria set forth below.  If it comes to a Producing Party's attention that designated material does not qualify for protection at all, or does not qualify for the level of protection initially asserted, the Producing Party must promptly withdraw or change the designation.

## 2. <u>DEFINITIONS</u>

(a)      "Action" means the above-captioned case.

(b)      "Discovery Material" means all items or information, including from any non-Party, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced, disclosed, or generated in connection with discovery or Rule 26(a) disclosures in this Action.

(c)      "Outside Counsel" means (i) outside counsel of record for a Party and (ii) partners and associates of such counsel to whom it is reasonably necessary to disclose the information for this Action.

(d)      "Patents-in-suit" means U.S. Patent Nos. 6,356,631, 6,865,191, 8,064,919, 8,199,792, and 8,411,557, and any other patent that may be later asserted in this Action, as well as any related patents, applications, provisional applications, continuations, and/or divisionals.

(e)      "Party" means any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel and their support staffs.

(f)      "Producing Party" means any Party or Third Party that discloses or produces any Discovery Material in this Action.

(g)      "Protected Material" means any Discovery Material that is designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE," as provided for in this Protective Order. Protected Material shall not include: (i) advertising materials that have been actually published or publicly disseminated; (ii) materials that show on their face that they have been disseminated to the public, and (iii) Discovery Materials that have been submitted to any governmental entity without request for confidential treatment.

(h)      "Receiving Party" means any Party who receives Discovery Material from a Producing Party.

(i)      "Source Code" means computer code, scripts, assembly, object code, source code listings and descriptions of source code, object code listings and descriptions of object code, and Hardware Description Language (HDL) or Register Transfer Level (RTL) files that describe the hardware design of any ASIC or other chip.

(j)      "Third Parties" means persons, organizations or entities who are not Plaintiffs or Defendant in this Action.

### 3.  <u>COMPUTATION OF TIME</u>

The computation of any period of time prescribed or allowed by this Protective Order shall be governed by the provisions for computing time set forth in Federal Rules of Civil Procedure 6 and Local Rules for the Eastern District of Texas.

4. **SCOPE**

(a)      The protections conferred by this Protective Order apply not only to all Discovery Material, but also to any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or their counsel in court or in other settings that might reveal Protected Material.

(b)      Nothing in this Protective Order shall prevent or restrict a Producing Party's own disclosure or use of its own Discovery Material for any purpose, and nothing in this Protective Order shall preclude any Producing Party from showing its Discovery Material to an individual who prepared the Discovery Material.

(c)      Nothing in this Protective Order shall be construed to prejudice any Party's right to use any Discovery Material in court or in any court filing, provided the Party complies with the Court and local rules regarding the filing of documents under seal.

5. **DURATION**

Even after the termination of this Action, the confidentiality obligations imposed by this Protective Order shall remain in effect until a Producing Party agrees otherwise in writing or a court order otherwise directs.

6. **ACCESS TO AND USE OF PROTECTED MATERIAL**

(a)      Basic Principles. All Protected Material shall be used as set forth herein below, and such use shall be solely for this Action or any related appellate proceeding, and not for any other purpose whatsoever, including without limitation any other litigation, patent prosecution or acquisition, patent reexamination or reissue proceedings, or any business or competitive purpose or function, without written permission from the Producing Party. Protected Material shall not be distributed, disclosed, or made available to any persons, organizations or entities except as expressly provided in this Protective Order.

(b)    <u>Patent Prosecution Bar</u>.  Absent the written consent of the Producing Party, any person who receives  a Defendant's information designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "RESTRICTED CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" shall not be involved, directly or indirectly, in any of the following activities:  (i) advising on, consulting on, preparing, prosecuting, drafting, editing, and/or amending of patent applications, specifications, claims, and/or responses to office actions, or otherwise affecting the scope of claims in patents or patent applications for Plaintiffs relating to the  technical information contained in the Protected Material that was accessed or received, before any foreign or domestic agency, including the United States Patent and Trademark Office; and (ii) the acquisition of patents (including patent applications), or the rights to any such patents or patent applications with the right to sublicense, for Plaintiffs relating to the  technical information contained in the Protected Material that was accessed or received.  These prohibitions are not intended to and shall not preclude counsel from participating in proceedings on behalf of a Party challenging the validity of any patent or participating in any post-grant proceeding, except that such persons receiving Protected Material may not directly or indirectly influence or assist in drafting or amending any patent claims, or propose for substitution any patent claims in any post-grant proceeding, where the scope of those claims relates to the technical information contained in the Protected Material. These prohibitions shall begin when access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "RESTRICTED CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" materials are first received by the affected individual, and shall end one (1) year after the final resolution of this action, including all appeals.  To ensure compliance with the purpose of this provision, a Receiving Party shall create an ethical wall between those persons with access to material designated by a Defendant as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or

"RESTRICTED CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" and any individuals not subject to the prohibitions above.

(c)     Secure Storage. Subject to the provisions of Paragraph 11, Protected Material must be transported and maintained by a Receiving Party, and stored in the United States by a Receiving Party, in a secure manner that ensures that access is limited to the persons authorized under this Protective Order. The Receiving Party shall exercise at least the same degree of care in handling the Protected Material from the Producing Party that it would with its own Protected Material and to confidential information of a similar nature.

(d)     Legal Advice Based on Protected Material. Subject to the restrictions of Section 6(b) above, nothing in this Protective Order shall be construed to prevent counsel from advising their clients with respect to this Action based in whole or in part upon any Protected Materials, provided counsel does not disclose the Protected Material itself except as permitted by this Protective Order.

(e)     Limitations. Nothing in this Protective Order shall restrict in any way a Producing Party's use or disclosure of its own Protected Material in any manner or for any purpose.

(f)     The protections conferred by this Order cover not only Discovery Material governed by this Order as addressed herein, but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or their counsel in court or in other settings that might reveal Protected Material.

(g)     Third Party Discovery. Nothing in this Protective Order shall limit or impair the ability of either Party to obtain and use Third Party discovery and nothing herein shall limit or impair a Third Party's ability to obtain discovery from the Parties.

(h)      This Order is without prejudice to the right of any Party to seek further or additional protection of any Discovery Material or to modify this Order in any way, including, without limitation, an order that certain matter not be produced at all.

7. **THIRD PARTY DISCOVERY**

(a)      A nonparty producing information or material voluntarily or pursuant to a subpoena or a court order may designate such material or information as Protected Information pursuant to the terms of this Protective Order.

(b)       A nonparty's use of this Protective Order to protect its Protected Information does not entitle that nonparty access to the Protected Information produced by any party in this case.

(c)      Subject to the provisions of 7(a)-7(b), nothing in this Protective Order shall limit or impair the ability of any Party to obtain and use Third Party discovery and nothing herein shall limit or impair a Third Party's ability to obtain discovery from the Parties.

8. **DESIGNATING PROTECTED MATERIAL**

(a) Available Designations.  Any Producing Party may designate Discovery Material pursuant to this Protective Order, provided that it meets the requirements for such designations as provided below, with any of the following designations: "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE."

(b) Exercise of Restraint and Care in Designating Material for Protection.  Each Party or Third Party that designates information or items for protection under this Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  Indiscriminate or routinized designations are prohibited.  Designations that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the discovery process or

to impose unnecessary expenses and burdens on other parties) shall expose the Producing Party

to sanctions.

(c) <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Protective

Order, or as otherwise stipulated or ordered, Discovery Material that qualifies for protection

under this Protective Order must be clearly so designated before the material is disclosed or

produced. Designation in conformity with this Protective Order requires the following:

(i)      <u>Written Discovery and Documents</u>. Written discovery and documents

(including "electronically stored information," as that phrase is used in Federal Rule of

Procedure 34, but excluding transcripts of depositions or other pretrial or trial proceedings) that

meet the requirements for the confidentiality designations listed in Section 7(a) should be so

designated by affixing the appropriate designation on every page of the written material prior to

production. For digital files being produced, the Producing Party should mark each viewable

page or image with the appropriate designation.  For materials that cannot be reasonably marked

on each page, the Producing Party may mark the medium, container, and/or communication in

which the digital files were contained or to which they were attached (e.g., for materials

produced in native format, by placing the appropriate designation in the filename of the produced

material). In the event that original documents are produced for inspection, the original

documents shall be presumed "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES

ONLY" during the inspection and re-designated, as appropriate, during the copying process. All

Protected Material that cannot be designated as set forth above shall be designated by the

Producing Party by informing the Receiving Party of the designation in writing.

(ii)      <u>Depositions and Testimony</u>.

Parties or testifying persons or entities may designate testimony given in deposition and

in other pretrial or trial proceeding with the appropriate designation by indicating on the record

at the time the testimony is given or by sending written notice of how portions of the transcript of the testimony is designated within fourteen (14) days of receipt of the transcript of the testimony. Only those portions of the testimony that are appropriately designated on the record or in writing within the time allowed for designation shall be covered by the provisions of this Protective Order. If no indication on the record is made, all information disclosed during a deposition shall be deemed "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" until otherwise designated or until the time allowed for designation has passed.

The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," or 'RESTRICTED CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE."  Any Protected Material that is used in the taking of a deposition shall remain subject to the provisions of this Protective Order, along with the transcript pages of the deposition testimony dealing with such Protected Material. In such cases, the court reporter shall be informed of this Protective Order and shall be required to operate in a manner consistent with this Protective Order.

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Producing Party. The Producing Party shall inform the court reporter of these requirements. In the event the deposition is videotaped, the original and all copies of the videotape shall be marked by the video technician to indicate that the contents of the videotape are subject to this Protective Order, substantially along the lines of "This videotape contains confidential testimony and is not to be viewed or the contents thereof to

be displayed or revealed except pursuant to the terms of this Protective Order in this matter or pursuant to written stipulation of the Parties.

(iii)   <u>Tangible and other non-documentary materials</u>. For information produced in some form other than documentary and for any other tangible items, the Producing Party shall affix in a prominent place on the exterior of the container or containers in which the information or item is stored the appropriate designation.

## 9.   <u>DISCOVERY MATERIAL DESIGNATED AS "CONFIDENTIAL"</u>

(a)   A Producing Party may designate Discovery Material as "CONFIDENTIAL" if it contains or reflects confidential, proprietary, and/or commercially sensitive information.

(b)   Unless otherwise ordered by this Court, Discovery Material designated as "CONFIDENTIAL" may be disclosed only to the following:

(i)   The Receiving Party's Outside Counsel;

(ii)   Outside Counsel's immediate paralegals and staff, and any copying or clerical litigation support services working at the direction of such counsel, paralegals, and staff;

(iii)   Not more than three (3) in-house counsel, who are members of at least one state bar in good standing or a foreign equivalent, with responsibility for managing this litigation. This shall extend to in-house counsel's immediate paralegals and staff to whom disclosure is reasonably necessary.

(iv)   Any outside expert or consultant retained by the Receiving Party to assist in this Action, provided that disclosure is only to the extent necessary to perform such work and provided that: (a) such expert or consultant has agreed to be bound by the provisions of this Protective Order by signing a copy of Exhibit A; (b) such expert or consultant is not a current officer, director, or employee of a Party or of a competitor of a Party, nor anticipated at the time of retention to become an officer, director or employee of a Party or of a competitor of a Party;

and (c) no unresolved objections to such disclosure exist after proper notice has been given to the Producing Party as set forth in Section 12 below;

(v)     Witnesses at deposition and/or trial for the Producing Party of the Designated Material, provided that such witnesses may not retain copies of Protected Material unless permitted by other provisions of this Protective Order;

(v)     Witnesses at deposition and/or trial who are shown on the face of the Protected Material to have been an author, source, or recipient of the document, provided that such witnesses may not retain copies of Protected Material unless permitted by other provisions of this Protective Order;

(vi)     Witnesses at deposition and/or trial who have knowledge of Protected Material prior to and apart from this lawsuit but only after a proper foundation for such previous knowledge is made and the Producing Party has consented on the record to the showing of the Protected Material to the witness, and whereby the examining party maintains the right to seek relief from the Court should the Producing Party withhold consent unreasonably or in bad faith, in accordance with the discovery dispute procedures set forth in the Court's Discovery Order;

(vii) Court reporters, stenographers and videographers retained to record testimony taken in this Action;

(viii)    The Court, jury, and court personnel;

(ix)     Graphics, translation, design, and/or trial consulting services, having first agreed to be bound by the provisions of this Protective Order by signing a copy of Exhibit A;

(x)     Mock jurors who have signed an undertaking or agreement agreeing not to publicly disclose Protected Material and to keep any information concerning Protected Material confidential;

(xi)     Any mediator who is assigned to hear this matter, and his or her staff,

subject to their agreement to maintain confidentiality to the same degree as required by this

Protective Order; and

(xii)    Any other person with the prior written consent of the Producing Party.

## 10. DISCOVERY MATERIAL DESIGNATED AS "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY"

(a)      A Producing Party may designate Discovery Material as "HIGHLY

CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" only if it contains or reflects

information that is extremely confidential and/or sensitive in nature and the Producing Party

reasonably believes that the disclosure of such Discovery Material is likely to cause economic

harm or significant competitive disadvantage to the Producing Party. The Parties agree that the

following information, if non-public, shall be presumed to merit the "HIGHLY

CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" designation: trade secrets,

pricing information, financial data, sales information, sales or marketing forecasts or plans,

business plans, sales or marketing strategy, product development information, engineering

documents, testing documents, employee information, and other non-public information of

similar competitive and business sensitivity. Discovery Material produced in this Action with a

designation of "HIGHLY CONFIDENTIAL" or "OUTSIDE COUNSEL ONLY" or any

substantially equivalent designation shall be treated as if such Discovery Material were

designated as the "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY"

(b)      Unless otherwise ordered by this Court, Discovery Material designated as

"HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" may be disclosed

only to:

(i)      The Receiving Party's Outside Counsel;

(ii)     Outside Counsel's immediate paralegals and staff, and any copying or clerical litigation support services working at the direction of such counsel, paralegals, and staff;

(iii)     Any outside expert or consultant retained by the Receiving Party to assist in this action, provided that disclosure is only to the extent necessary to perform such work; and provided that: (a) such expert or consultant has agreed to be bound by the provisions of this Protective Order by signing a copy of Exhibit A; (b) such expert or consultant is not a current officer, director, or employee of a Party or of a competitor of a Party, nor anticipated at the time of retention to become an officer, director, or employee of a Party or of a competitor of a Party; and (c) no unresolved objections to such disclosure exist after proper notice has been given to the Producing Party as set forth in Section 12 below;

(iv)     Witnesses at deposition and/or trial for the Producing Party of the Designated Material, provided that such witnesses may not retain copies of Protected Material unless permitted by other provisions of this Protective Order;

(v)     Witnesses at deposition and/or trial who are shown on the face of the Protected Material to have been an author, source, or recipient of the document, provided that such witnesses may not retain copies of Protected Material unless permitted by other provisions of this Protective Order;

(vi)     Witnesses at deposition and/or trial who have knowledge of Protected Material prior to and apart from this lawsuit but only after a proper foundation for such previous knowledge is made and the Producing Party has consented in good faith on the record to the showing of the Protected Material to the witness, and whereby the examining party maintains the right to seek relief from the Court should the Producing Party withhold consent unreasonably or in bad faith, in accordance with the discovery dispute procedures set forth in the Court's Discovery Order;

(vi)     Court reporters, stenographers and videographers retained to record testimony taken in this Action;

(vii)     The Court, jury, and court personnel;

(xiii)     Graphics, translation, design, and/or trial consulting services, having first agreed to be bound by the provisions of this Protective Order by signing a copy of Exhibit A;

(ix)     Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order; and

(x)     Any other person with the prior written consent of the Producing Party.

## 11. DISCOVERY MATERIAL DESIGNATED AS "RESTRICTED CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE"

(a)     If Source Code is produced in this Action, the Producing Party may designate the Source Code as "RESTRICTED CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE," provided it comprises or includes confidential, proprietary, and/or trade secret Source Code.

(b)     Unless otherwise ordered by this Court, Discovery Material designated as "RESTRICTED CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" shall be subject to the provisions set forth in Section 13 below, and may be disclosed solely to:

(i)     The Receiving Party's Outside Counsel;

(ii)     Outside Counsel's immediate paralegals and staff, and clerical litigation support services working at the direction of such counsel, paralegals, and staff;

(iii)     Any outside expert or consultant retained by the Receiving Party to assist in this action, provided that disclosure is only to the extent necessary to perform such work; and

provided that: (a) such expert or consultant has agreed to be bound by the provisions of this Protective Order by signing a copy of Exhibit A; (b) such expert or consultant is not a current officer, director, or employee of a Party or of a competitor of a Party, nor anticipated at the time of retention to become an officer, director or employee of a Party or of a competitor of a Party; and (c) no unresolved objections to such disclosure exist after proper notice has been given to the Producing Party as set forth in Section 12 below;

(iv)     Witnesses at deposition and/or trial for the Producing Party of the Designated Material, provided that such witnesses may not retain copies of Designated Material unless permitted by other provisions of this Protective Order;

(v)     Court reporters, stenographers, and videographers retained to record testimony taken in this Action;

(vi)     The Court, jury, and court personnel;

(vii)     Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order; and

(viii)   Any other person with the prior written consent of the Producing Party.

## 12. <u>LIMITATIONS ON THE USE OF PROTECTED MATERIAL</u>

(a)     All Protected Material shall be held in confidence by each person to whom it is disclosed, shall be used only for purposes of this litigation, shall not be used for any business purpose or in connection with any other legal proceeding, and shall not be disclosed to any person who is not entitled to receive such information as herein provided. All produced Protected Material shall be carefully maintained so as to preclude access by persons who are not entitled to receive such information.

13. <u>**DISCLOSURE AND REVIEW OF SOURCE CODE**</u>

(a)     Any Source Code designated "RESTRICTED CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" that is produced by a Party will be made available for inspection in a secure room (the "Source Code Review Room") at the offices of the Producing Party's Outside Counsel, or at such other location as the Producing Party and Receiving Party mutually agreed upon.

(b)     Source Code shall be made available for initial inspection upon not less than twenty-one (21) days' advanced notice from the Receiving Party, and the Producing Party shall notify the Receiving Party in writing when the Source Code is ready and available for inspection. To the extent the Producing Party's Source Code is available for inspection prior to receiving such initial notice from the Receiving Party, the Producing Party may notify the Receiving Party in writing that Source Code is ready and available for inspection. Subsequent inspections shall be made available upon not less than twenty-four hours advanced notice.  Inspections are to occur between the hours of 9:00 a.m. and 6:00 p.m., on normal business days or by agreements of the parties.  The Parties agree to cooperate in good faith to ensure that maintaining the Source Code at the offices of the Producing Party's Outside Counsel does not unreasonably hinder the Receiving Party's ability to efficiently and effectively conduct the prosecution or defense of this Action.

(c)     Source Code that is designated "RESTRICTED CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" shall be produced for inspection and review subject to the following provisions, unless otherwise agreed by the Producing Party and the Receiving Party:

(i)     All Source Code shall be made available by the Producing Party to the Receiving Party's outside counsel and/or experts in a format through which it can be reasonably

AGREED PROTECTIVE ORDER

reviewed and searched at the Source Code Review Room. The Source Code shall be provided on a secured computer (the "Source Code Computer") without Internet access or network access to other computers, and the Receiving Party shall not copy, remove, or otherwise transfer any portion of the source code onto any recordable media or recordable device. The Producing Party may periodically visually monitor the activities of the Receiving Party's representatives during any Source Code review, but only to ensure that there is no unauthorized recording, copying, or transmission of the Source Code and provided such monitoring does not impair or impede the review of the Source Code or the ability of the Receiving Party's representatives to confer with one another confidentially in the Source Code Review Room.

(ii)     The Source Code Computer shall be configured by the Producing Party in a manner that permits and supports a reasonable inspection of any Source Code installed on the Source Code Computer.  A Source Code Computer containing the following will be presumed as being appropriately configured:

(a) A 13-inch or larger monitor;

(b) A mouse and keyboard;

(c) A current generation i7 processor (or the equivalent);

(d) No less than 16 GBs of RAM;

(e) The Source Code shall be loaded on SSD hard drives with a minimum of 7200 RPM, or an equivalent storage medium.  If the Source Code is installed on external hard drives connected to the Source Code Computer, the external hard drives must support at least USB 2.0 or greater and be connected to a USB 2.0 or greater port on the Source Code Computer;

(f) Any drive containing Source Code shall be configured in a manner consistent with the operating system used on the Source Code Computer (e.g., if the Source Code Computer is running Windows, the Source Code drives must be formatted as NFTS);

(g) The installed Source Code files shall be organized in a manner that permits a reasonable inspection and does not impose undue burden on the Requesting Party's outside counsel and/or experts; and

(h) The Source Code Computer shall be accessible using reasonably appropriate permissions such that the Requesting Party's outside counsel and/or experts can reasonably access and inspect the Source Code and any commercially available software tools installed pursuant to subparagraph (iii)

If a Requesting Party reasonably and in good faith believes that, due to the amount or complexity of the Source Code produced, the above configuration will not permit a reasonable inspection of the Source Code, the Requesting Party shall provide notice in writing to the Producing Party within three (3) business days of the Requesting Party's initial inspection of the Source Code. No later than three (3) business days after such notice is provided, the parties shall meet-and-confer in good faith to agree on a configuration that will reasonably support inspection of the source code.  Nothing herein prevents the Requesting Party from seeking relief from the Court should it believe in good faith that the Source Code Computer is not configured in a manner that permits reasonable inspection of the produced Source Code.

(iii) The Receiving Party's outside counsel and/or experts may request that commercially available software tools for viewing and searching Source Code be installed on the Source Code Computer, provided, however, that (a) the Receiving Party possesses an appropriate license to such software tools; (b) the Producing Party approves such software tools (such approval not to be unreasonably withheld); and (c) such other software tools are reasonably necessary for the Receiving Party to perform its review of the Source Code consistent with all of the protections herein.[1] The Receiving Party must provide the Producing Party with an external

---

[1] Examples of such software tools may include, but are not limited to Cygwin, gVim, Notepad++, USC UCC, WinDirStat, Doxygen & graphviz dot, Oracle JDK, Adobe Reader, Google Chrome, EditPad Lite, SlickEdit, Understand, and Araxis Merge.

drive, CD, or DVD containing such licensed software tool(s) at least five (5) days in advance of the date upon which the Receiving Party wishes to access the Source Code Computer in the Source Code Review Room, or by agreement of the parties.  The Receiving Party must make any objection to any software tool within five (5) days of receiving the external drive, CD, or DVD containing the software tools.  The Receiving Party shall not at any time use any compilers, interpreters or simulators in connection with the Producing Party's Source Code Computer, and in no event shall the Receiving Party be permitted to install additional software applications that have the effect of altering, modifying, deleting, copying, or otherwise permitting the reproduction or removal of any source code from the Source Code Computer.

(iii)    No recordable media or recordable devices, including without limitation sound recorders, computers, cellular telephones, peripheral equipment, cameras, CDs, DVDs, or drives of any kind, shall be permitted into the Source Code Review Room.

(iv)    The Producing Party shall make available a room immediately adjacent to the Source Code Review room where the Receiving Party's outside counsel and/or experts may bring one (1) laptop computer for purposes of taking notes.  The Producing Party shall not interfere with or monitor the Receiving Party's outside counsel note-taking, and the Producing Party shall not monitor, review, or attempt to access the note-taking laptop computer or the contents thereof.

(v)    The Receiving Party's outside counsel and/or experts shall be entitled to take handwritten notes in the Source Code Review Room, without limitation.

(vi)    The Receiving Party's outside counsel and/or experts may bring documents into the Source Code Review Room, without limitation. No copies of all or any

portion of the Source Code may leave the room in which the Source Code is inspected except as otherwise provided herein. Further, no other written or electronic record of the Source Code is permitted except as otherwise provided herein.

(vii)     The Producing Party shall make available a laser printer with commercially reasonable printing speeds for on-site printing during inspection of the Source Code. The Producing Party shall also make available pre-Bates-numbered, colored paper, labeled "RESTRICTED CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE," which shall be used for all on-site printing of Source Code. The Receiving Party may print limited portions of the Source Code on colored paper only when reasonably necessary to prepare court filings, pleadings or other papers (including a testifying expert's expert report), or when reasonably necessary to examine a witness at deposition or trial, and shall print only such portions as are relevant to the claims and defenses in this Action and are reasonably necessary for such purpose. The Receiving Party shall not print Source Code in order to review blocks of Source Code elsewhere in the first instance (i.e., as an alternative to reviewing that Source Code electronically on the Source Code Computer). Upon printing any such portions of Source Code, the printed pages shall be collected by the Producing Party.  Within five (5) days, the Producing Party shall either (i) provide one copy set of such pages to the Receiving Party at the Receiving Party's outside counsel's place of business, or (ii) inform the Requesting Party in writing that it objects that the printed portions are excessive and/or not done for a permitted purpose. The Producing Party shall be prohibited from using, directly or indirectly, any information gleaned from its review of the printed pages of Source Code other than for the purpose of evaluating whether the printed portions are excessive or not done for a permitted purpose. Printing more than 10% or more than 600 pages (whichever is less) of produced Source Code per accused device, for the duration of the case, will be presumed to be excessive, absent written consent

AGREED PROTECTIVE ORDER

from the Producing Party.  If there are portions of Source Code that are identical across multiple accused devices, printing the identical portions for more than three (3) accused devices will be presumed excessive, and the Producing Party will specifically note in any objection that the basis for such objection is the printing of excessive identical code.  The parties shall then meet-and-confer no later one (1) business day after the Requesting Party receives a written objection and attempt to resolve the dispute in good faith.  If after meeting and conferring, the Producing Party and the Receiving Party cannot resolve the objection, the Producing Party shall be entitled to seek a Court resolution of whether the printed Source Code in question is reasonably tailored and was printed for a permitted purpose. If the Producing Party does not seek a Court resolution within five (5) business days after the meet-and-confer, it shall be deemed to have waived any challenge to the amount or reasonableness of the printed source code. Upon production, the printed pages shall constitute part of the Source Code produced by the Producing Party in this Action, and shall be subject to the provisions of Section 19 of this Protective Order regarding the disposition of Source Code upon final termination of this Action.

(vii)    All persons who will review a Producing Party's Source Code on behalf of a Receiving Party, including members of a Receiving Party's outside law firm, shall be identified in writing to the Producing Party at least three (3) days in advance of the first time that such person reviews such Source Code. Such identification shall be in addition to any other disclosure required under this Protective Order; however the identification may be made in conjunction with other disclosure requirements. All persons viewing Source Code in the Source Code Review Room shall sign on each day they view Source Code a log maintained by the Producing Party's Outside Counsel or staff that will include the names of persons who enter the Source Code Review Room to view the Source Code and when they enter and depart.  Proper photo

identification of all authorized persons shall be provided prior to any access to the secure room or the computer containing Source Code.

(ix)     Unless otherwise agreed in advance by the Parties, at the end of each day on which inspection is done under this Protective Order, the Receiving Party's outside counsel and/or experts shall remove all notes, documents, and all other materials from the Source Code Review Room. The Producing Party's Outside Counsel shall not be responsible for any items left in the room following each inspection session.  All notes, documents, and all other materials brought into the Source Code Review Room, taken by outside counsel and/or experts during the review of the Source Code, and/or removed from the Source Code Review Room as described above, shall all be considered as attorney work product, pursuant the Federal Rules of Civil Procedure and this Order and/or protected expert material pursuant to Paragraph 22 of this Order.

(x)     Other than as provided above, the Receiving Party will not copy, remove, or otherwise transfer any Source Code from the Source Code Computer including, without limitation, copying, removing, or transferring the Source Code onto any recordable media or recordable device. The Receiving Party will not transmit any Source Code in any way from the Producing Party's facilities or the offices of its outside counsel of record.

(xi)     The Receiving Party's outside counsel of record may make no more than three (3) additional paper copies on colored paper of any portions of the Source Code printed pursuant to Section 11(b)(v), not including copies attached to court filings or used at depositions, and shall maintain a log of all paper copies of the Source Code. The log shall include the names of the reviewers and/or recipients of paper copies and locations where the paper copies are stored.  Upon one (1) day's advance notice to the Receiving Party by the Producing Party, the Receiving Party shall provide a copy of this log to the Producing Party.

(xii)    The Receiving Party's outside counsel of record and any person receiving a copy of any Source Code shall maintain and store any paper copies of the Source Code at their offices in a manner that prevents duplication of or unauthorized access to the Source Code, including, without limitation, storing the Source Code in a locked room or cabinet at all times when it is not in use.

(xiii)    For depositions and trial, the Receiving Party may bring printed Source Code excerpts, obtained pursuant to the printing provisions of Section 11(b)(v) of this Protective Order, and limited to those excerpts that are reasonably necessary to carry out the deposition or trial.  Copies of Source Code that are marked as deposition exhibits shall not be provided to the Court Reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers. All paper copies of Source Code brought to a deposition or trial shall be securely destroyed in a timely manner following the deposition or trial.

(xiv)    Except when filing electronically under seal with the Court, or as otherwise provided herein, absent express written permission from the Producing Party, the Receiving Party may not create electronic images, or any other images, or make electronic copies, of the Source Code from any paper copy of Source Code for use in any manner (including, by way of example only, the Receiving Party may not scan the Source Code to a PDF or photograph the code). Images or copies of Source Code shall not be included in correspondence between the Parties (references to production numbers or other means of identification shall be used instead), and shall be omitted from pleadings and other papers whenever possible.  If a Party reasonably believes that it needs to submit a portion of Source Code as part of a filing with the Court, the Parties shall meet and confer as to how to make such a filing while protecting the confidentiality of the Source Code and such Source Code will not be filed absent agreement from the Producing Party that the confidentiality protections will be

adequate.  If a Producing Party agrees to produce an electronic copy of all or any portion of its

Source Code or provides written permission to the Receiving Party that an electronic or any

other copy may be made, the Receiving Party's communication and/or disclosure of electronic

files or other materials containing any portion of Source Code (paper or electronic) shall at all

times be limited solely to individuals who are expressly authorized to view Source Code under

the provisions of this Protective Order. Where the Producing Party has provided the express

written permission required under this provision for a Receiving Party to create electronic copies

of Source Code, the Receiving Party shall maintain a log of all such electronic copies of any

portion of Source Code in its possession or in the possession of its retained consultants, including

the names of the reviewers and/or recipients of any such electronic copies, and the locations

where the electronic copies are stored. Additionally, any such electronic copies must be labeled

"RESTRICTED CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" as

provided for in this Protective Order.

## 14. <u>NOTICE OF DISCLOSURE</u>

(a)      <u>Written Notice</u>. Prior to disclosing any Protected Material to any person described

in Sections 9(b)(iv), or 10(b)(iii), the Party seeking to disclose such information shall provide the

Producing Party with written notice that includes: (i) the name of the Person; (ii) the present

employer and title of the Person; (iii) an identification of all of the Person's past or current

employment or consulting relationships for the past ten (10) years (regardless of whether the

purpose of the consultancy was litigation), including direct relationships and relationships

through entities owned or controlled by the Person and including an identification of any

individual or entity with or for whom the person is employed or to whom the person provides

consulting services; (iv) an up-to-date curriculum vitae of the Person; (v) a list of the cases in

which the Person has testified at deposition or trial within the last five (5) years; (vi) a signed

copy by the Person of the "Agreement to Be Bound by this Protective Order" (Exhibit A); and (vii) an identification of all pending patent applications on which the Person is named as an inventor, in which the Person has any ownership interest, or as to which the Person has had or anticipates in the future any involvement in advising on, consulting on, preparing, prosecuting, drafting, editing, amending, or otherwise affecting the scope of the claims.  Further, the Party seeking to disclose Protected Material shall provide such other information regarding the Person's professional activities reasonably requested by the Producing Party for it to evaluate whether good cause exists to object to the disclosure of Protected Material to the Person.  A Party that gives notice pursuant to this sub-section may disclose the designated Protected Material(s) to the identified person, unless the Party receives a written objection from the Producing Party in compliance with the below procedures.

(b)      Objecting to the Notice. Within ten (10) calendar days of receipt of the written notice, the Producing Party or Parties may object in writing to the person for good cause. Any such objection must set forth in detail the grounds upon which it is based, including any claim that the notice was deficient or inadequate. In the absence of an objection at the end of that ten (10) day period, the person shall be deemed approved under this Protective Order, and the Party may disclose the designated Protected Material to the identified person. There shall be no disclosure of Protected Material to the person prior to expiration of this ten (10) day period.

(c)      Meet and Confer. If the Producing Party objects to disclosure to the person within the period set forth above, the Parties shall meet and confer via telephone or in person within three (3) days following the objection and attempt in good faith to resolve the dispute on an informal basis. During the meet and confer process, the Party objecting to the notice shall describe the basis for the objection and must explain the basis for its objectively reasonable

concern that the person will, advertently or inadvertently, use or disclose Protected Material in a way or ways that are inconsistent with the provisions contained in this Protective Order.

(d)     Court Intervention. If the objection is not resolved, the Party objecting to the disclosure will have five (5) days from the date of the meet and confer to seek relief from this Court. If relief is not sought from this Court within that time, the objection shall be deemed withdrawn. If relief is sought, designated materials shall not be disclosed to the person in question until this Court resolves the objection. If the Producing Party fails to move for relief within time set forth above, Protected Material may thereafter be provided to the person.

(e)     Late Objections. An initial failure to object to a person under this Section shall not preclude the non-objecting Party from later objecting to continued access by that person for good cause (for example, where facts suggesting a basis for objection could not have been discovered by the objecting Party or its counsel, exercising due diligence, within the period for making a timely objection). However, a late objection to a Person cannot be made on the basis of information disclosed pursuant to this Section, except to the extent that said disclosure contained a material omission or misrepresentation. If a later objection is made, the same time limits apply for the Parties to meet and confer and for the Party objecting to disclosure to seek relief from this Court; however, the person shall be permitted to continue to access and use Protected Material until this Court resolves the matter or the Producing Party withdraws its objection.

## 15. **CHALLENGING DESIGNATIONS OF PROTECTED MATERIAL**

(a)     At any time after delivery of Protected Documents, counsel for the Receiving Party may challenge the designation of all or any portion thereof. A Party shall not be obligated to challenge the propriety of any designation of Discovery Material under this Protective Order at the time the designation is made, and a failure to do so shall not preclude a subsequent challenge thereto.

(b)      To challenge any designation under this Protective Order, the following procedures shall apply:

(i)      <u>Written Notice</u>. Any challenge to a designation of Discovery Material under this Protective Order shall be written, shall be served on outside counsel for the Producing Party, shall particularly identify the documents or information that the Receiving Party contends should be differently designated, and shall state the specific grounds for the objection. A notice may challenge the designations of more than one document. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific Section of this Protective Order.

(ii)      <u>Meet and Confer</u>. If the Producing Party is unwilling to withdraw the disputed designation in response to the written notice, the parties shall meet and confer, within five (5) days of service of said notice, either in person, in writing, or by telephone, in a good faith effort to resolve the dispute. During the meet and confer process, the Receiving Party shall describe the basis for each challenge and the Producing Party must explain the basis for its belief that the chosen confidentiality designations are appropriate. If the Parties are unable to agree as to whether the confidential designation of discovery material is appropriate during the meet and confer process, the Receiving Party shall certify to this Court that the Parties cannot reach an agreement as to the confidential nature of all or a portion of the Protected Materials.

(iii)      <u>Judicial Intervention</u>.  Failing agreement, the Receiving Party may bring a motion to the Court for a ruling that the Discovery Material in question is not entitled to the status and protection of the Producing Party's designation.  The Parties' entry into this Protective Order shall not preclude or prejudice either Party from arguing for or against any designation, establish any presumption that a particular designation is valid, or alter the burden of proof that would otherwise apply in a dispute over discovery or disclosure of information.

AGREED PROTECTIVE ORDER

(v)      Notwithstanding any challenge to its designation, the Protected Material in question shall continue to be treated as designated under this Protective Order until one of the following occurs: (1) the Party who designated the Protected Material in question withdraws or modifies such designation in writing or (2) this Court rules that the Protected Material in question is not entitled to the designation.

## 16. SUBPOENAS OR COURT ORDERS

(a)      If at any time Protected Material is subpoenaed by any court, arbitral, administrative, or legislative body, the Party to whom the subpoena or other request is directed shall immediately give prompt written notice thereof to every Party who has produced such Protected Material and to its counsel. If a producing party does not take steps to prevent disclosure of such documents within fourteen (14) business days of the date written notice is given, the party to whom the referenced subpoena is directed may produce such documents in response thereto, but shall take all reasonable measures to have such documents treated in accordance with terms of this Protective Order.

## 17. FILING PROTECTED MATERIAL

(a)      Absent written permission from the Producing Party or a court order secured after appropriate notice to all interested persons, a Receiving Party may not file in the public record any Protected Material.

(b)      Any Receiving Party is authorized under Local Rule CV-5(a)(7) to file under seal with the Court any brief, document, or materials that are designated as Protected Material under this Protective Order. Nothing in this Section shall in any way limit or detract from this Protective Order's requirements as to Source Code.

**18. <u>INADVERTENT DISCLOSURE OF PRIVILEGED MATERIAL</u>**

(a)     The inadvertent production by a Party of Discovery Material subject to the attorney-client privilege, work-product protection, or any other applicable privilege or protection, will not waive the applicable privilege and/or protection if a request for return of such inadvertently produced Discovery Material is made promptly after the Producing Party learns of its inadvertent production. The Producing Party shall also provide a privilege log for the inadvertently or unintentionally produced materials to the Receiving Party.

(b)     Upon a request from any Producing Party who has inadvertently produced Discovery Material that it believes is privileged and/or protected, each Receiving Party shall (1) immediately return such Discovery Material and all copies to the Producing Party or (2) immediately destroy all such material and copies and certify such destruction to the Producing Party within three (3) business days of receiving the request from the Producing Party. Notwithstanding this provision, outside litigation counsel of record are not required to delete information that may reside on their respective firm's electronic back-up systems that are over-written in the normal course of business.

(c)     Nothing herein shall prevent the Receiving Party from preparing a record for its own use containing the date, author, addresses, and topic of the inadvertently produced Discovery Material and such other information as is reasonably necessary to identify the Discovery Material and describe its nature to the Court in any motion to compel production of the Discovery Material.

(d)     If a Receiving Party receives Discovery Material that the Receiving Party believes may be inadvertently or unintentionally produced privileged and/or protected Discovery Material, the Receiving Party shall notify the Producing Party promptly after it is discovered that the Discovery Material may have been inadvertently or unintentionally produced. If a Party or

non-party requests the return, pursuant to this Paragraph, of any inadvertently produced privileged and/or protected Discovery Material, the Receiving Party shall not use or disclose, and immediately cease any prior use of such materials and within two (2) business days return to the Receiving Party or non-party the inadvertently produced privileged and/or protected Discovery Material and destroy all copies thereof. No one will use the fact of production of a document over which the Producing Party later asserts privilege or protection to argue the privilege or protection has been waived. The return of any inadvertently produced privileged and/or protected Discovery Material shall not preclude the Receiving Party from moving the Court for an order that the Discovery Material was never privileged or otherwise immune from disclosure or that any applicable privilege or immunity has been waived by some act other than the production of the Discovery Material.

## 19. INADVERTENT FAILURE TO DESIGNATE PROPERLY

(a)     The inadvertent failure by a Producing Party to designate Discovery Material as Protected Material with one of the designations provided for under this Protective Order shall not waive any such designation provided that the Producing Party notifies the Receiving Party that such Discovery Material is protected under one of the categories of this Protective Order within fourteen (14) days of the Producing Party learning of the inadvertent failure to designate. The Producing Party shall reproduce the Discovery Material with the correct confidentiality designation within seven (7) days upon its notification to the Receiving Party. Upon receiving the Discovery Material with the correct confidentiality designation, the Receiving Party shall destroy all Discovery Material that was not designated properly.

(b)     A Receiving Party shall not be in breach of this Protective Order for any use of such Discovery Material before the Receiving Party receives notice that such Discovery Material is protected under one of the categories of this Order. Once a Receiving Party has received

notification of the correct confidentiality designation for the Protected Material, the Receiving Party shall treat such Discovery Material (subject to the exception in Section 17(c) below) at the appropriately designated level pursuant to the terms of this Protective Order.

(c)      Protected Material produced without the designation of "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" or "RESTRICTED CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" may be so designated subsequent to production when the Producing Party failed to make such designation at the time of production through inadvertence or error. If Discovery Material is designated subsequent to production, the Receiving Party promptly shall collect any copies that have been provided to individuals so that they can be re-labeled with the "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" or "RESTRICTED CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" designation. Notwithstanding the above, such subsequent designation of "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" or "RESTRICTED CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" shall apply on a going-forward basis and shall not disqualify anyone who reviewed "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" or "RESTRICTED CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" materials while the materials were not marked "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" or "RESTRICTED CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" from engaging in the activities set forth in Section 6(b).

**20. <u>INADVERTENT DISCLOSURE NOT AUTHORIZED BY ORDER</u>**

(a)      In the event of a disclosure of any Discovery Material pursuant to this Protective Order to any person or persons not authorized to receive such disclosure under this Protective

Order, the Party responsible for having made such disclosure, and each Party with knowledge thereof, shall immediately notify counsel for the Producing Party whose Discovery Material has been disclosed and provide to such counsel all known relevant information concerning the nature and circumstances of the disclosure. The responsible disclosing Party shall also promptly take all reasonable measures to retrieve the improperly disclosed Discovery Material and to ensure that no further or greater unauthorized disclosure and/or use thereof is made.

(b)     In addition to paragraph (a) above, the Party responsible for having made such disclosure shall also use its best efforts to bind such person or party to the terms of this Protective Order and (a) such person shall be informed promptly of all the provisions of this Protective Order by the disclosing party and asked to return the information; (b) such person shall be identified to the Producing Party of the Discovery Material; and (c) the person to whom disclosure was made shall be requested to sign Exhibit A hereto. Nothing in this Paragraph shall affect the Producing Party's remedies under this Protective Order or otherwise for such unauthorized disclosure.

(c)     Unauthorized or inadvertent disclosure does not change the status of Discovery Material or waive the right to hold the disclosed document or information as Protected.

## 21. **<u>FINAL DISPOSITION</u>**

Unless otherwise ordered or agreed to in writing by the Producing Party, within ninety (90) days after the final termination of this litigation by settlement or exhaustion of all appeals all parties in receipt of Protected Material shall either return such materials and copies thereof to the Producing Party or destroy such Protected Material and certify that fact in writing. Except in the case of Protected Material designated as "RESTRICTED CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE", the Receiving Party's reasonable efforts shall not require the return or destruction of Protected Material that (i) is stored on backup

storage media made in accordance with regular data backup procedures for disaster recovery purposes and is overwritten in the normal course of business or (ii) is subject to legal hold obligations. Counsel for the parties shall be entitled to retain copies of court papers (and exhibits thereto), correspondence, pleadings, deposition and trial transcripts (and exhibits thereto), expert reports and attorney work product that contain or refer to Protected Material (except in the case of Protected Material designated as "RESTRICTED CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE", which must be returned or destroyed as provided above), provided that such counsel and employees of such counsel shall not disclose such Protected Material to any person, except pursuant to Court order. Nothing shall be interpreted in a manner that would violate any applicable canons of ethics or codes of professional responsibility.

## 22. DISCOVERY FROM EXPERTS OR CONSULTANTS

(a)     Testifying experts' draft reports, notes, and outlines of draft reports shall not be subject to discovery in this case, nor shall any such drafts, notes or outlines of draft reports that the testifying expert prepared in other cases be subject to discovery in this Action.

(b)     Discovery of materials provided to testifying experts shall be limited to those materials, facts, consulting expert opinions, and other matters actually relied upon by the testifying expert in forming his or her final report, trial or deposition testimony, or any opinion in this Action. No discovery can be taken from any consulting expert who does not testify, except to the extent provided for in Federal Rule of Civil Procedure 26.

(c)     No conversations or communications between Counsel of Record and any testifying or consulting expert will be subject to discovery, except to the extent provided for in Federal Rule of Civil Procedure 26.

(d)     Materials, communications (including email), and other information exempt from discovery under the foregoing Sections shall be treated as attorney-work product for the purposes of this litigation and Protective Order.

23. **AGREEMENT REGARDING PRIVILEGE LOGS**

(a)     The obligation to create and provide privilege logs pursuant to FRCP 26(b)(5) shall not extend to attorney-client privileged communications or attorney work product regarding this litigation created after the filing of this litigation.

24. **MISCELLANEOUS**

(a)     Right to Further Relief. Nothing in this Protective Order abridges the right of any person to seek its modification by this Court in the future. By stipulating to this Protective Order, the Parties do not waive the right to argue that certain material may require additional or different confidentiality protections than those set forth herein.

(b)     Termination of Matter and Retention of Jurisdiction. The Parties agree that the terms of this Protective Order shall survive and remain in effect after the Final Determination of this Action. The Court shall retain jurisdiction after Final Determination of this Action to hear and resolve any disputes arising out of this Protective Order.

(c)     Successors. This Protective Order shall be binding upon the Parties hereto, their attorneys, and their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control.

(d)     Right to Assert Other Objections. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

(e)     <u>Burdens of Proof</u>. Notwithstanding anything to the contrary above, nothing in this Protective Order shall be construed to change the burdens of proof or legal standards applicable in disputes regarding whether particular Discovery Material is confidential, which level of confidentiality is appropriate, whether disclosure should be restricted, and if so, what restrictions should apply.

(f)     <u>Modification by Court</u>. This Protective Order is subject to further court order based upon public policy or other considerations, and this Court may modify this Protective Order *sua sponte* in the interests of justice. The United States District Court for Eastern District of Texas is responsible for the interpretation and enforcement of this Protective Order. All disputes concerning Protected Material, however designated, produced under the protection of this Protective Order shall be resolved by the United States District Court for the Eastern District of Texas.

(g)     <u>Discovery Rules Remain Unchanged</u>. Nothing herein shall alter or change in any way the discovery provisions of the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the Eastern District of Texas, or this Court's own orders. Identification of any individual pursuant to this Protective Order does not make that individual available for deposition or any other form of discovery outside of the restrictions and procedures of the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the Eastern District of Texas, or this Court's own orders.

(h)     Attorneys and witnesses are prohibited from arguing or implying at trial that a witness for a Party should have or could have received or reviewed information protected by this Order if this Order prohibits that witness from receiving or reviewing such information.

**SO ORDERED**.

## <u>EXHIBIT A</u>

I, _____, acknowledge and declare that I have received a copy of the Protective Order Regarding the Disclosure and Use of Discovery Materials ("Protective Order") in *Optis Wireless Technology, LLC, et al. v. ZTE Corporation,* United States District Court, Eastern District of Texas, Marshall Division, Civil Action No. 2:15-cv-00300-JRG. Having read and understood the terms of the Protective Order, I agree to be bound by the terms of the Protective Order.

1. My business address is: _____

_____

2. My present employer is: _____

_____

3. My present occupation or job description (including my title) is: _____

_____

4.    I will store and maintain Protected Material in a secure manner as set forth in the Protective Order and that ensures that access is limited to the persons authorized under this Protective Order.

5.    Having read the Protective Order, I will comply with all its provisions, including those not explicitly set out in this signed undertaking.

6.    I hereby submit to the jurisdiction of the United States District Court for the Eastern District of Texas for the purpose of enforcement of this Protective Order.

7.    I hereby agree to personally appear before the United States District Court for the Eastern District of Texas for the purpose of enforcement of this Protective Order and/or for the purpose of resolving any issue that might arise in connection with my involvement in this litigation.

I declare under penalty of perjury that the foregoing is true and correct.

Date:        _____

Signature:        _____